JOHN F. McDONALD LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5153.   Promulgated December 8, 1926.

Where petitioner keeps its books on the accrual basis, it may not deduct for the year 1919 officers' salaries voted in 1918 for that year but credited to the accounts of the officers in 1919.

*Simon Michelet, Esq.,* for the petitioner.
*F. O. Graves, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes of $5,783.53 for the year 1919. The deficiency results from the Commissioner's making an "inventory adjustment" disallowing deductions of $547.50 taken for donations, $1,244.50 for life insurance premiums, $1,500 for ordinary and necessary expenses, and $4,546 as officers' salaries for 1918.

At the hearing no testimony was introduced by either side, but a stipulation was submitted in which petitioner withdrew all the contentions raised in the petition except that relating to the disallowance of officers' salaries.

### FINDINGS OF FACT.

Petitioner is a Minnesota corporation with its principal office at Minneapolis. From the stipulation we find that on January 28,

1918, the corporation voted the salaries to be paid the officers for the calendar year 1918. On January 31, 1919, the sum of $4,546 was credited to the accounts of the officers on the books of the corporation, which amount represented the unpaid salary which had been authorized for 1918. This item was disallowed as a deduction for the year 1919 by the Commissioner. The books of account of the corporation were kept on the accrual basis.

### OPINION.

TRAMMELL: The officers' salaries were authorized in 1918 for the year 1918. Since the petitioner kept its books on the accrual basis, it may not deduct in its 1919 return the salaries incurred in 1918 for that year. *Appeal of Green Oil Soap Co.*, 3 B. T. A. 467.

> *Judgment will be entered for the Commissioner.*